UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS E. PEREZ**, Secretary of Labor,
United States Department of Labor,

     Plaintiff,

    v.

**EARL KAMINSKI**
and **AMI ASSOCIATES**
**GROUP, INC. 401(k) PLAN**,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CIVIL ACTION

File No. 1:15-cv-11816

## COMPLAINT

  Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

  1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

  2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. On October 1, 2008, AMI Associates Group, Inc. ("AMI") established the AMI Associates Group, Inc. 401(k) Plan ("Plan") to provide retirement benefits to the Plan's participants.

4. The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5. Venue of this action lies in the Northern District of Illinois pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in Lyons, Cook County, Illinois, within this district.

## DEFENDANTS AND PARTIES IN INTEREST

6. The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

7. From October 1, 2008, to the present, Earl Kaminski ("Defendant Kaminski") was the sole owner of AMI; exercised authority or control over the management or disposition of the Plan assets; was a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

8. From October 1, 2008 to the present, AMI, Plan Administrator, exercised authority or control over the management or disposition of the Plan assets; was a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA §3(14)(A), (C) and (G), 29 U.S.C.

§ 1002(14)(A), (C) and (G).[1]

## FAILURE TO REMIT PARTICIPANT CONTRIBUTIONS TO THE PLAN

9. Paragraphs 1 through 8 above are realleged and are hereby incorporated in these allegations.

10. During periods from at least January 1, 2010 to December 31, 2013, the Plan's governing documents provided, in pertinent part, that participants could elect to defer a portion of their compensation to be contributed to the Plan.

11. During periods from at least January 1, 2010 to December 31, 2013, AMI withheld in excess of $46,090.00 from employees' pay in salary reduction contributions intended for the Plan.

12. During periods from at least January 1, 2010 to December 31, 2013, Defendant Kaminski exercised authority and control over whether and when AMI remitted withheld employee salary reduction contributions to the Plan.

13. During periods from January 1, 2010 to December 31, 2013, Defendant Kaminski caused AMI to retain approximately $7,374.00 in employee salary reduction contributions to the Plan in AMI's corporate bank account and used those Plan assets to pay AMI's general operating expenses.

14. To date, the $7,374.00 in unremitted salary deferral contributions has not been remitted to the Plan.

15. By the facts described in paragraphs 10 through 14 above, Defendant Kaminski:

---

[1] AMI's assets were sold at auction on November 14, 2013. On March 14, 2014, AMI's corporate status was involuntarily dissolved by the State of Illinois.

   a. failed to ensure that the assets of the Plan were held in trust and did not inure to the benefit of AMI in violation of ERISA § 403(a) and (c)(1), 29 U.S.C. § 1103(a) and (c)(1);

   b. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

   c. failed to discharge his duties with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

   d. caused the Plan to engage in transactions which he knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

   e. dealt with assets of the Plan in his own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and,

   f. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

 16. As a direct and proximate result of Defendant Kaminski's fiduciary breaches, the Plan suffered injury and losses for which he is personally liable and is subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. §1109.

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment:

A. Permanently enjoining Defendant Kaminski from violating the provisions of Title I of ERISA;

B. Ordering Defendant Kaminski to make good to the Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by him or for which he is liable;

C. Ordering Defendant Kaminski to correct the prohibited transactions in which he engaged relating to the Plan;

D. Ordering Defendant Kaminski removed from the positions he currently holds as fiduciary to the Plan;

E. Permanently enjoining Defendant Kaminski from serving as a fiduciary or service provider to ERISA-covered employee benefit plans;

F. Appointing an independent fiduciary to distribute the Plan's assets to the participants and beneficiaries consistent with the Plan's governing documents;

G. Ordering Defendant Kaminski to pay all reasonable fees and expenses incurred by the independent fiduciary in distributing the Plan's assets;

H. Awarding the Secretary the costs of this action; and

I. Ordering such further relief as is appropriate and just.

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

| | |
|---|---|
| Office of the Solicitor | /s/ Brooke E. Worden |
| U.S. Department of Labor | **BROOKE E. WORDEN** |
| 230 S. Dearborn St, Rm. 844 | Trial Attorney |
| Chicago, IL 60604 | |
| Telephone: (312) 353-1218 | Attorneys for **THOMAS E. PEREZ,** |
| Facsimile: (312) 353-5698 | Secretary of Labor, United States |
| E-mail: worden.brooke.e@dol.gov | Department of Labor, Plaintiff |